UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JAMIE ANTHONY MAKUPSON, )
)
Plaintiff, )
)
v. ) No. 1:24-CV-250-KAC-CHS
)
BRITTANY BREA, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

Plaintiff, who was at one time housed in the Jefferson County Detention Facility, filed a pro se complaint that liberally construed appears to raise claims under 42 U.S.C. § 1983 [Doc. 2]. He also filed a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons below, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] and **DISMISSES that action** because the Complaint [Doc. 2] fails to state a claim upon which relief may be granted under Section 1983.

### I.  MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. See 28 U.S.C. § 1915(a). A review of Plaintiff's filings demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, the Court **GRANTS** his Motion [Doc. 1] and **ASSESSES** Plaintiff the civil filing fee of $350.00.

The custodian of Plaintiff's inmate trust account **SHALL** submit to the Clerk, U.S. District Court, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee, 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars

($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). The Court **DIRECTS** the Clerk to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

## II.     COMPLAINT SCREENING

### A.     Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must screen the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) ("Because Hill's lawsuit seeks redress from governmental officers, and because Hill proceeded *in forma pauperis*, the district court screened Hill's complaint as required by 28 U.S.C. §§ 1915A and 1915(e)(2)(B)).").

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill*, 630 F.3d at 470-71. Thus, to survive an initial review, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. And formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief.

*Iqbal*, 556 U.S. at 681. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

B.     **Complaint Allegations**

Plaintiff first claims that while detained either a needle entered his right buttocks, or a spider bit him [Doc. 2 at 3-4]. Plaintiff also states that people who say they are Glenn Jacobs, Ricky Oates, Sgt. Bree, Nicole, Juanita, Denise, and Tiffany, with last names Threkkel, Jacobs, and Carson, talk to him and "are always in [his] room using the Army Invincible Suits to beat [him] and use electroid [sic] monitors to torture [him]" [*Id.* at 4]. Plaintiff further asserts that (1) unspecified individuals constantly wake him up in the morning; (2) he has "permanent scars from a spider that is not in the area"; and (3) he is "a recipient of the Ren[a]issance 3500 Pro Baer" that "was used to shock [his] brain more times than average" [*Id.*]. Plaintiff additionally avers that "[he] [is] not a mental," has a general educational development degree, has worked for Elon Musk, is "advanced with technology," is subject to torture by Jefferson County Officers because of previous lawsuits, and has sent mail to the Federal Bureau of Investigation that has been returned to him [*Id.*]. Plaintiff has sued Sgt. Brittany Brea, "Ruth or Nicole, or Juanita," Threkkel, Carson, and Jacobs [*Id.* at 1, 3]. For relief, Plaintiff seeks that the "officers [be] fired" [*Id.* at 5].

C.     **Analysis**

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. *See* 42 U.S.C. § 1983. The Complaint fails to state a claim upon which relief may be granted.

First, the only relief Plaintiff seeks is termination of Defendants from their employment [*Id.*]. However, the Court does not have the authority to grant this relief. *Dickson v. Burrow*, No.

5:19-CV-P163-TBR, 2019 WL 6037671, at *2 (W.D. Ky. Nov. 14, 2019) (citing *Ross v. Reed*, No. 1:13-CV-143, 2013 WL 1326947, at *2 (S.D. Ohio Mar. 5, 2013) for its holding that "[t]he Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees" and *Theriot v. Woods*, No. 2:09-cv-199, 2010 WL 623684, at *4 (W.D. Mich. Feb. 18, 2010) for its holding that a court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"). Thus, the Complaint is subject to dismissal on this ground.

Moreover, the Complaint fails to state a claim for relief that is plausible. Specifically, the allegations regarding purported torture and beating using "invincible suits" are conclusory and therefore fail to state a plausible claim for violation of Section 1983. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (providing that a claim is properly dismissed as factually frivolous if "the facts alleged rise to the level of the irrational or wholly incredible"). And to the extend that the Complaint contains any factual allegations, it fails to plausibly allege that any named Defendant was involved in the incidents alleged. As such, they also fail to state a claim upon which relief may be granted under Section 1983. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under Section 1983). Accordingly, the Court **dismisses** this action. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### III. CONCLUSION

For the reasons set forth above:

1. The Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1];

4

Case 1:24-cv-00250-KAC-CHS   Document 12   Filed 08/18/25   Page 4 of 5   PageID #: 42

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts **MUST** submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk **MUST** provide a copy of this Memorandum And Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy; and

5. Even liberally construing the Complaint, it fails to state a claim upon which relief may be granted under Section 1983. Accordingly, the Court **DISMISSED** this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Therefore, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**SO ORDERED.**

**ENTER:**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge